# No. 23-14044-E

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

DONALD J. TRUMP,

Appellant,

v.

CABLE NEWS NETWORK, INC.,

Appellee.

On Appeal from the United States District Court
for the Southern District of Florida

### APPELLANT'S REPLY BRIEF

Richard C. Klugh, Esq.
Richard C. Klugh, P.A.
40 N.W. 3rd Street, PH1
Miami, Florida 33128
Tel. (305) 536-1191

Alejandro Brito, Esq.
Brito, PLLC
2121 Ponce de Leon Blvd., Suite 650
Coral Gables, Florida 33134
Tel: (305) 440-4385

Counsel for Appellant, President Donald J. Trump

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Appellant files this Certificate of Interested Persons and Corporate Disclosure Statement, listing the parties and entities interested in this appeal, as required by 11th Cir. R. 26.1.

Brito, Alejandro

Bryan Cave Leighton Paisner LLP

Cable News Network, Inc.

Edison, Eric C.

Gunster, Yoakley & Stewart, P.A.

Halligan, Lindsey

Ifrah Law PLLC

Klugh, Richard C.

LeMieux, George S.

Schroeder, Eric. P.

Singhal, Hon. Raag

Trusty, James M.

Underwood, Jr., Brian M.

Valle, Hon. Alicia O.

Warner Bros. Discovery, Inc. (Nasdaq: WBD)

**RENEWED REQUEST FOR ORAL ARGUMENT**

Appellant President Donald J. Trump respectfully requests oral argument. Oral argument would assist the Court in illuminating fact-based and related issues on appeal, including as to the context of the Appellee's widespread, pervasive broadcasting of defamatory statements and images falsely and maliciously conveying that Appellant was engaging in conduct that was employed by Hitler and that was designed to match Nazi strategies of oppression and deprivation of rights. The issues are important and warrant the close examination to which oral argument contributes. The occurrence of recent shocking national events, notably two attempts to assassinate President Trump—including one day ago by an individual who had adopted a variation of claims that Appellant is a threat to democracy, *see, e.g.,* *https://nypost.com/2024/09/15/us-news/would-be-trump-assassin-idd-as-ryan-routh-58-of-hawaii-sources/*—heightens the need for this Court to clarify the boundary lines as to any permissible false allegations linking political candidates and other figures to the commission of crimes against humanity by Hitler and the Nazis. Thus, Appellant renews his request for oral argument.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS. . . . . . . . . . . . . . . . . . . . . . . . . . . C1

RENEWED REQUEST FOR ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

REPLY ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.   The District Court's Order Dismissing the Complaint with Prejudice
     Should Be Reversed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

     A.   The district court erred in excluding from its analysis of the
          complaint's sufficiency the totality and context of the
          actionable defamatory statements. . . . . . . . . . . . . . . . . . . . . . . . . . 1

     B.   The challenged defamatory statements were false factual
          allegations, or, at a minimum, mixed opinion . . . . . . . . . . . . . . . . . 7

     C.   The district court's ruling erroneously impinged upon the
          province of the jury . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

     D.   The record shows that plaintiff more than sufficiently pled
          actual malice. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

II.  The District Court Abused its Discretion in Denying Plaintiff's Motion
     for Reconsideration or Rehearing and Alternative Motion for Leave to
     Amend. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

     A.   Denial of leave to amend was an abuse of discretion . . . . . . . . . . . . . 21

B.    The district court abused its discretion in denying reconsideration of dismissal of the complaint with prejudice, where the court's failure to consider the full context of the challenged statements amounted to clear error or manifest injustice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

# TABLE OF CITATIONS

## Cases

*A1A Burrito Works, Inc. v. Sysco Jacksonville, Inc.,*

    87 F.4th 1280 (11th Cir. 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Allstate Ins. Co. v. Swann,*

    27 F.3d 1539 (11th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Atkins v. McInteer,*

    470 F.3d 1350 (11th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Bennet v. Hendrix,*

    325 Fed.Appx. 747 (11th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Buckley v. Littel,*

    539 F.2d 883 (2d Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 11

*Burger King Corp. v. Weaver,*

    169 F.3d 1310 (11th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22, 23

*Citibank N.A. v. Data Lease Fin. Corp.,*

    904 F.2d 1498 (11th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Coral Ridge Ministries Media, Inc. v. Amazon.com, Inc.,*

    6 F.4th 1247 (11th Cir. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 16, 18

*Coral Ridge Ministries Media,*

    406 F. Supp. 3d 1258 (M.D. Ala. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Czermcha v. International Ass'n of Machinists and Aerospace Workers,*

  *AFL-CIO*, 724 F.2d 1552 (11th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . 21, 22, 24

*Daniels v. HSN, Inc.,*

  No. 818CV3088T24JSS, 2020 WL 533927(M.D. Fla. Feb. 3, 2020) . . . . . . . . . 26

*Dershowitz v. Cable News Network, Inc.,*

  541 F. Supp. 3d 1354 (S.D. Fla. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Dibble v. Arvich,*

  No. 14-CIV-61264, 2015 WL 12532615 (S.D. Fla. July 29, 2015) . . . . . . . . . 1, 26

*Diplomat Elec., Inc. v. Westinghouse Elec. Supply Co.,*

  378 F. 2d 377 (5th Cir. 1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Donald J. Trump for President, Inc. v. CNN Broad. Inc.,*

  500 F. Supp. 3d 1349 (N.D. Ga. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 19

*Donaldson v. Clark,*

  819 F.2d 1551 (11th Cir. 1987)(en banc) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Dreggors v. Wassau Inc. Co.,*

  995 So.2d 547 (Fla. 2d DCA 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 26

*Dunn v. Air Line Pilots Ass'n,*

  193 F.3d 1185 (11th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Ford v. Rowland,*

  562 So.2d 731 (Fla. 5th DCA 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Fortson v. Colangelo,*

    434 F. Supp. 2d 1369 (S.D. Fla. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Freeman v. Rice,*

    399 Fed.Appx. 540 (11th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21, 22, 23

*Garrison v. Louisiana,*

    379 U.S. 64 (1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

*Harte-Hanks Commc'ns, Inc v. Connaughton,*

    491 U.S. 657 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

*Hay v. Indep. Newspapers, Inc.,*

    450 So.2d 293 (Fla. 2d DCA 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 26

*Hoch v. Rissman, Weisberg, Barrett,*

    742 So.2d 451 (Fla. 5th DCA 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Horsley v. Rivera,*

    292 F.3d 695 (11th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Jacoby v. Cables News Network, Inc.,*

    No. 21-12030, 2021 WL 5858569 (11th Cir. Dec. 10, 2021) . . . . . . . . . . . . . . 18

*Levan v. Capital Cities/ABC, Inc.,*

    190 F.3d 1230 (11th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Lipsig v. Ramlawi,*

    760 So.2d 170 (Fla. 3d DCA 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Lobo v. Celebrity Cruises, Inc.*,

    704 F.3d 882 (11th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Long v. Satz*,

    181 F.3d 1275 (11th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*MacPhee v. MiMedex Group, Inc.*,

    73 F.4th 1220 (11th Cir. 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Miami Herald Publ'g Co. v. Tornillo*,

    418 U.S. 241 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Michel v. NYP Holding, Inc.*,

    816 F.3d 686 (11th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Milkovich v. Lorain J. Co.*,

    497 U.S. 1 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7, 8, 9, 13, 14

*Morse v. Ripken,*

    707 So.2d 921 (Fla. 4th DCA 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*MSP Recovery Claims, Series LLC v. Metropolitan General Ins. Co.,*

    40 F.4th 1295 (11th Cir. 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6

*Nolin v. Douglas County*,

    903 F.2d 1546 (11th Cir.1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Ollman v. Evans,*

    750 F.2d 970 (D.C. Cir. 1984) (en banc) . . . . . . . . . . . . . . . . . . . . . . . . 4, 11, 12

*Perry v. Cosgrove,*

    464 So.2d 664 (Fla. 2d DCA 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Rhodes v. Amarillo Hosp. Dist.,*

    654 F.2d 1148 (5th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Rubin v. U.S. News & World Rep., Inc.,*

    271 F.3d 1305 (11th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Sapuppo v. Allstate Floridian Ins. Co.,*

    739 F.3d 678 (11th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Sec'y, United States DOL v. Preston,*

    873 F.3d 877 (11th Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*St. Amant v. Thompson,*

    390 U.S. 727 (1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Turner v. Wells,*

    879 F.3d 1254 (11th Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 15

*Zambrano v. Devanesan,*

    484 So.2d 603 (Fla. 4th DCA 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## Statutes and Other Authorities

U.S. Const., amend. I . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Fed. R. Civ. P. 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Civ. P. 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Civ. P. 58(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Fed. R. Civ. P. 59 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Fed. R. Civ. P. 60 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Moore's Federal Practice* ¶ 15.07 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Merriam Webster Dictionary*, www.merriam-webster.com/dictionary . . . . . . . . . . . . . . 12

<u>**REPLY ARGUMENT**</u>

**I.  THE DISTRICT COURT'S ORDER DISMISSING THE COMPLAINT WITH PREJUDICE SHOULD BE REVERSED.**

>  **A.  The District Court Erred in Excluding from its Analysis of the Complaint's Sufficiency the Totality and Context of the Actionable Defamatory Statements.**

CNN does not dispute the requirement under Florida law that a court must consider the context and circumstances in which a statement challenged as defamation was made in order to determine whether the statement was an expression of fact or one of pure opinion or rhetorical hyperbole. *See Dreggors v. Wassau Inc. Co.*, 995 So.2d 547, 551 (Fla. 2d DCA 1984); *Hay v. Indep. Newspapers, Inc.*, 450 So.2d 293, 295 (Fla. 2d DCA 1984); *Turner v. Wells*, 879 F.3d 1254, 1263 (11th Cir. 2018); *Dibble v. Avrich*, No. 14-CIV-61264, 2015 WL 12532615, at *6 (S.D. Fla. July 29, 2015); *Hoch v. Rissman, Weisberg, Barrett*, 742 So.2d 451, 460 (Fla. 5th DCA 1999).

Nor does CNN dispute that the district court limited its analysis to only five statements published or broadcast by CNN. *See* DE:31:7 n.4 (district court states that its order addressed the defamatory nature of only five publications set forth in the complaint). The record is clear that the district court did not consider the more than sixty additional documented instances of defamation set forth in the demand letter attached as an exhibit to the complaint, in addition to the critical context

1

encompassing more than 7,700 instances alleged in the complaint in which CNN stated that Plaintiff used the "Big Lie" strategy—a tactic infamously linked to the Nazi regime, and at least 645 instances, also alleged in the complaint, in which CNN closely, and wrongly, linked (within ten words) Plaintiff to Hitler and Nazis. DE:1:¶¶ 20, 24, 27-28 & nn.7, 23. The district court's failure to consider the additional defamatory publications and broadcasts documented, referenced, and incorporated in the complaint, including statements and visual imagery directly wrongly tying Plaintiff to Hitler and Nazism on a pervasive and widespread basis, failed to comport with applicable Florida law and warrants reversal.

In dismissing the complaint, the district court employed an impermissibly narrow review that encompassed only the five publications set forth in the body of the pleading while failing to consider the incorporated sixty-six publications detailed in an exhibit. DE:31:4. The failure to review allegations in the exhibit incorporated into the complaint was clearly inappropriate and contrary to longstanding decisional authority. *See, e.g., MSP Recovery Claims, Series LLC v. Metropolitan General Insurance Co.*, 40 F.4th 1295, 1303 (11th Cir. 2022) (holding that "the district court erred in failing to consider whether the complaint and Exhibit A taken together, plausibly alleged" plaintiff claim). *See also Donaldson v. Clark,* 819 F.2d 1551, 1561 (11th Cir. 1987)(en banc)(explaining that in Rule 11 context the pleading requirements of Rule 8 do not

require that a complaint allege all material facts, or the exact articulation of the legal theories on which the case will be based; nor is a plaintiff precluded from establishing the merits of his claims through subsequent discovery).

Plaintiff's complaint clearly identified the multifaceted defamatory character of all of the documented examples of CNN's malicious defamatory publications, including those detailed in the Notice Letter to CNN, attached as an exhibit to the complaint.

As further alleged in Plaintiff's complaint, CNN averred that it was not promoting mere opinion, but rather that it was settled fact that everything Plaintiff said about the election was an intentional lie. DE:1:10 n.5. Indeed, in response to Plaintiff's Notice Letter, CNN expressly stated that "[i]t is well-established that the outcome of the 2020 presidential election was unaffected by fraud, as verified by the dismissal of no fewer than 50 lawsuits by judges across the United States asserting otherwise, the sanctioning of multiple attorneys for making unsubstantiated election-fraud claims, and investigations conducted by the Department of Justice, Congress, and various state and local bodies." DE:1:4-5:¶ 10 n.5. As Plaintiff documented in the complaint, this was in stark contrast to the position CNN had previously taken in all prior instances when a politician questioned the results of a close election, which CNN repeatedly stated was a regular and ordinary practice. DE:1:22-23:¶¶ 24-25;

DE:1:26-28:¶¶ 30-35.  Yet, this time CNN, in opposing President Trump, claimed it was "well-established"—i.e., *a fact*—that no fraud affected the election's outcome and that Plaintiff was somehow intentionally lying about that purportedly incontrovertible fact by adopting the "Big Lie" technique—a stratagem notoriously originated and employed by Hitler to ultimately commit genocide.

Plaintiff has not forfeited or waived his right to challenge the district court's dismissal under any grounds argued by CNN, whether or not addressed by the district court.  CNN characterizes as the "central basis" for the district court's dismissal that "[b]eing 'Hitler-like' is not a verifiable statement of fact."  CNN-Br:24.  Importantly, however, contrary to CNN's argument, the district court's statement that "[b]eing 'Hitler-like' is not a verifiable statement of fact" was not an independent ground for dismissal, but rather was one of the factors weighed by the district court in connection with its ruling that the defamatory statements were opinions or rhetorical hyperbole. DE:31:8-10.  *See Sapuppo v. Allstate Floridian Ins. Co.,* 739 F.3d 678, 680 (11th Cir. 2014) (appellant need only address each independent ground relied on by the district court); *see also Milkovich v. Lorain J. Co.,* 497 U.S. 1, 19-21 (1990) (provable falsity is one factor in assessing whether a statement regarding a public figure is an opinion; statement implying plaintiff committed perjury was sufficiently factual to be susceptible of being proved true or false); *Ollman v. Evans,* 750 F.2d 970, 979 (D.C. Cir. 1984) (en banc)

4

(statement's verifiability is one of four factors considered under totality of circumstances to determine whether statement is protected opinion).

Plaintiff has maintained his theory of defamation all along, as reflected in his response to CNN's motion to dismiss. *See* DE:95-96. The grounds employed by the district court in granting the motion to dismiss are straightforwardly addressed in Appellant's brief, and CNN's attempt to avoid confronting those issues by claiming that the points are argued more comprehensively in appellate briefing than could be done prior to issuance of the district court's order is mistaken. Notably, CNN erroneously cites *A1A Burrito Works, Inc. v. Sysco Jacksonville, Inc.*, 87 F.4th 1280 (11th Cir. 2023), for the proposition Plaintiff has waived his right to assert grounds of error on appeal. But the cited case says nothing of the sort. Instead, this Court held that "[i]ssues not raised in an *initial brief* [and only raised at oral argument] are deemed forfeited.". *Id.* at 1290-91. Indeed, "[o]ffering new argument or case citation in support of a position advanced in the district court is permissible—and often advisable. (Were the rule otherwise, we could never expect the quality and depth of argument to improve on appeal—an unfortunate result." *Sec'y, United States DOL v. Preston*, 873 F.3d 877, 883 n.5 (11th Cir. 2017). CNN's complaint is really that the law does not support the district court's ruling. CNN cannot maintain that Appellant, who opposed dismissal, is precluded from explaining the district court's errors in

finding the complaint insufficient.

The district court erred under applicable law by failing to give any consideration to the entirety of the context and circumstances surrounding the challenged defamatory statements, including particularly all of the instances identified and documented in the Plaintiff's complaint, with its detailed notice-letter attachment, which is "for all purposes" part of the complaint and should have been considered as well. *MSP Recovery Claims, Series LLC,* 40 F.4th at 1303 (holding "the district court erred in failing to consider whether the complaint and Exhibit, taken together, plausibly alleged" claim).

The district court's error in failing to consider the totality of the defamatory statements and relevant circumstances resulted in a decontextualized treatment of the statements as mere opinion and unduly isolated CNN's defamatory statements, which went well beyond passing wrongful aspersions falsely associating Plaintiff with Hitler and the Nazis. The requisite contextual evaluation of the totality of the defamation discloses CNN's publications as factually false and, alternatively, as mixed opinions based on undisclosed defamatory facts, including factually false statements alleging that Plaintiff told massive, proven lies about the 2020 Presidential election in a manner and pattern used by Hitler and the Nazis and any false assertion of more than insignificant wrongdoing in the election by Plaintiff amounted to criminal or near-

6

criminal misconduct of a historically horrific nature associated with a key feature of the Holocaust.

**B.     The Challenged Defamatory Statements Were False Factual Allegations, Or, At A Minimum, Mixed Opinion.**

The "central basis" for the district court's dismissal was that the defamatory statements were "opinion" and "bad rhetoric."   DE:31:8-10.   CNN appears to acknowledge that its statements wrongly linking Plaintiff to Hitler and Nazism were intended to be construed as both factual and accurate.   CNN-Br:21:n.19 (suggesting recent media statements tying Plaintiff to Hitler, as well as other dictators, are warranted because, according to CNN, they are in fact correct).   Such acknowledgments by CNN of its assertion of factual truth of its own defamatory broadcasts highlight the erroneous mere-opinion premise of the district court's ruling.

The provable falsity of CNN's repeated claims that Plaintiff's actions and statements were designed to be, and actually were, variations of those Hitler used to suppress and destroy populations are quintessential verifiable statements of fact for which historical reference is required to refute.   Where historical facts demonstrate the accusations are false, the falsity element of defamation is established.   As the Supreme Court recognized in *Milkovich v. Lorain J. Co.*, 497 U.S. at 2, statements that *cannot reasonably be interpreted* as asserting actual facts about an individual are protected.

7

CNN's statements, even if viewed by some savvy members of its audience as mere irrational name-calling employed to smear President Trump, are of a nature that *could* reasonably be interpreted—and judicial notice is not necessary to recognize this—by facets of the CNN audience as accusations that Plaintiff is doing exactly what the historical record shows Hitler did in his monstrous, genocidal crimes against humanity.

Looking at the statements another way, any allegation that Hitler did what Plaintiff has done, e.g., Plaintiff's exercising a constitutional right to point out concerns with the integrity of elections, is provably false. CNN argues there was nothing defamatory about accusing Trump of using Hitler's playbook to wrongfully suppress voting rights. But CNN fails to explain exactly what non-criminal 'plays' it imagines there were in the Hitler playbook for the Holocaust and related crimes against humanity.

Further, CNN's defamatory statements that any concerns and issues with the election that the President raised both in court proceedings and publicly were presented with the deliberate intention to falsify and mislead is an asserted (false) factual claim that a jury could find unfounded. *See Milkovich*, 497 U.S. at 21 ("We also think the connotation that petitioner committed perjury is sufficiently factual to be susceptible of being proved true or false."). CNN's wrongful and malicious

attribution to Plaintiff of propounding Hitler-like, crimes-against-humanity lies is sufficiently of a factual-allegation nature to be susceptible of being proved true or false by the historical record in two distinct ways: one, viewing the historical record of what Hitler did, and two, analyzing the perjury-like allegations in the same way juries regularly undertake such tasks. *See Milkovich*, 497 U.S. at 21–22 (holding that "[a] determination whether petitioner lied in this instance can be made on a core of objective evidence"); *Buckley v. Littell*, 539 F.2d 883, 893 (2d Cir. 1976) (noting that accusations of allegations of membership or well-defined political affiliation in an entity such as the Communist Party are readily perceivable as allegations of fact, susceptible to proof or proof of falsity). To the extent that CNN suggests its factually false allegations that President Trump's actions were those taken by Hitler is somehow less actionable than a false accusation of formally joining a Nazi entity or party, CNN elevates form over substance.

None of CNN's publications point to evidence of any untruthfulness by Plaintiff, or even of CNN's premise of the unassailable integrity of the 2020 Presidential election. On the contrary, the lengthy grounds supporting Plaintiff's views about the election's integrity were well-documented, *see, e.g.,* DE:8-1—documentation which the district court erroneously did not address in the order of dismissal. Neither the "election results themselves," CNN-Br:31-32, nor the dismissal

on purely procedural grounds of several lawsuits challenging the election, constitutes core objective evidence of the integrity of the election or the Plaintiff lying, which did not occur. CNN's failure to disclose these essential facts and its disregard of the actual posture of the lawsuits challenging the 2020 Presidential election negate any determination that CNN's statements were pure opinion. *See Lipsig v. Ramlawi,* 760 So.2d 170, 184 (Fla. 3d DCA 2000) ("[A] speaker cannot invoke a 'pure opinion' defense if the facts underlying the opinion are false or inaccurately presented."); *Zambrano v. Devanesan,* 484 So.2d 603, 606 (Fla. 4th DCA 1986) ("[W]here the speaker or the writer neglects to provide the audience with an adequate factual foundation prior to engaging in the offending discourse, liability may arise."); *see also Morse v. Ripken,* 707 So.2d 921, 922 (Fla. 4th DCA 1998) (mixed opinion "implies that a concealed or undisclosed set of defamatory facts would confirm his opinion," and therefore is actionable).

CNN cannot escape liability by attempting to classify these publications as political speech. CNN clearly intended that its publications be taken literally, not as part of conventional political discourse, as evidenced by CNN's effective bombardment of its audience with more than 7,700 such malicious publications. CNN's publications maliciously and purposefully attempt to falsely state that Plaintiff intentionally followed Hitler's strategy to advance his own authoritarian political

agenda and disenfranchise voters. The First Amendment's purpose is to preserve the right to speak and give speech meaning, not to provide a safe passage for malicious defamatory speech like that used by CNN to trick voters into believing things that are false.

Nor can CNN escape liability by arguing that its "Hitler-like" comparisons are political labels that are not provably false. CNN invites this Court to erroneously evaluate—much like the district court did—CNN's decontextualized "political labels" in a vacuum, instead of construing the publications in their totality and considering the context in which they were published. Moreover, CNN's "Hitler-like" comparisons are not the "loosely definable" political or ideological labels that courts found were not provably false in the cases CNN (and the district court) erroneously relied on. *See Ollman,* 750 F.2d at 979 (in procedurally-distinct context of appeal from grant of summary judgment, statements including that plaintiff was "an outspoken proponent of political Marxism" constituted unverifiable opinion given circumstances that included publication in a newspaper *editorial* understood by readers as distinct from news); s*ee also Buckley*, 539 F.2d at 893-94 (use of "fascist," "fellow traveler," "radical right" to describe plaintiff in book on totalitarian threat to American religion and politics were not statements of fact because of those terms' imprecision, as "echoed in the book"—which was a fixed and limited text unlike CNN's massive

broadcasts falsely ascribing specific, known Nazi strategy to Plaintiff here); *Coral Ridge Ministries Media,* 406 F. Supp. 3d 1258, 1274 (M.D. Ala. 2019)(use of term "hate group" lacked single, commonly-understood meaning, and was akin to the debatable, loose terms in *Ollman* and *Buckley*, which also had conflicting definitions as used by the parties, the FBI and the Anti-Defamation League).[1]

The "Big Lie" is not such an imprecise or loose term, nor was its widespread, pervasive use by CNN, including in broadcasts explicitly linking the strategy and Plaintiff to Hitler, Nazi propaganda and gross distortions of truth, comparable to the limited use of the terms at issue in the cases cited by CNN. *See, e.g., Merriam Webster Dictionary,* https://www.merriam-webster.com/dictionary/big%20lie (defining "Big Lie" as "a deliberate gross distortion of the truth used especially as a propaganda tactic" and specifying further that "the first known use of the big lie was in 1939"). Additionally, CNN is a multinational news network and website that holds itself out as "the most honored brand" and "most trusted name in news." The seriousness with which it conveyed its "Big Lie" denunciations of Plaintiff, including its deliberate and repeated comparisons of Plaintiff to Hitler and juxtapositions of Hitler and Nazi

---

[1] This Court affirmed dismissal of the plaintiff's defamation claim on the grounds Plaintiff failed to adequately plead actual malice and did not reach the district court's "alternative holding" that the term "hate group" was insufficiently factual to be proven true or false. *Coral Ridge Ministries Media, Inc. v. Amazon.com, Inc.*, 6 F.4th 1247, 1252 n. 7 (11th Cir. 2021).

Germany with footage of Plaintiff, DE:1:7-8:¶16; DE:1:23–25:¶¶27-28, was actually confirmed by many viewers who believed it as statements of fact. DE:1:16–18:¶¶16–17. Like *Milkovich,* the wrongful connotation here that Plaintiff lied about questioning the integrity of the 2020 Presidential election and that it had been conclusively decided at the time of the statements that there were no issues with the integrity of the election is sufficiently factual to be susceptible of being proved true or false.

For these reasons, the district court erred in characterizing CNN's statements as mere rhetorical hyperbole. To qualify as "rhetorical hyperbole," "the language itself [must] negate[] the impression that the writer was seriously maintaining that the plaintiff committed the particular act forming the basis of the defamation." *Fortson v. Colangelo*, 434 F. Supp. 2d 1369, 1378-79 (S.D. Fla. 2006). This is certainly not the case here. CNN was not "engaged in an emotional debate concerning emotionally-charged issues." *Horsley v. Rivera,* 292 F.3d 695, 702 (11th Cir. 2002) (parties' emotional debate on highly sensitive topic of abortion favored inference that statement was "more an expression of outrage than an accusation of fact"). Rather, CNN, which holds itself out as "the most honored brand" and "most trusted name in news," DE:1:5:¶11, was seriously, and falsely, conveying that Plaintiff is a despot trying to disenfranchise voters by falsely questioning the 2020 Presidential election utilizing

Hitler's "Big Lie" strategy—a technique used as a predicate for the genocidal Holocaust perpetrated by the Nazis. The statements themselves, and the "general tenor," *Milkovich*, 497 U.S. at 21, of CNN's reports reinforce this conclusion. *Id.* (newspaper column statements, and general tenor of the article, were "not the sort of loose, figurative, or hyperbolic language" which would negate impression writer was seriously maintaining petitioner committed perjury); *see also Bennet v. Hendrix,* 325 Fed. Appx. 747, 741 (11th Cir. 2009) ("the tone of the speech and its medium of expression" are important considerations in determining whether a statement constitutes rhetorical hyperbole). Under these circumstances, a reasonable viewer could conclude that CNN—claiming to be an unbiased, venerable new source—and its broadcasters were offering factual statements. In fact, many viewers actually believed CNN's statements, as reflected in the ensuing Twitter comments by CNN's viewers, as set forth in the complaint. DE:1:8-9:¶¶ 16-17. This belies any notion that "no reasonable person would believe" CNN's statements to have "presented facts." *Rivera,* 292 F.3d at 702.

### C. The District Court's Ruling Erroneously Impinged Upon the Province of the Jury.

The court's function in addressing defamation claims is to determine "whether a statement is one of fact or opinion and whether a statement of fact is susceptible to

defamatory interpretation." *Turner v. Wells,* 879 F.3d 1254, 1262-63 (11th Cir. 2018) (explaining that "statements of pure opinion are protected from defamation actions"); However, it is not the court's function to determine whether a statement of fact (or of mixed fact and opinion) is actually defamatory. That is for the jury to decide. *See Rubin v. U.S. News & World Rep., Inc.,* 271 F.3d 1305, 1306 (11th Cir. 2001) (citing *Ford v. Rowland,* 562 So.2d 731, 734 (Fla. 5th DCA 1990) ("[I]f an allegedly defamatory publication is reasonably susceptible of two meanings, one of which is defamatory and one of which is not, it is for the trier of fact to determine the meaning understood by the average reader."); *Perry v. Cosgrove,* 464 So.2d 664, 666 (Fla. 2d DCA 1985) (same); *Levan v. Capital Cities/ABC, Inc.,* 190 F.3d 1230, 1240 n. 29 (11th Cir. 1999) ("gist" or "sting" of alleged defamatory statement is a factual question); *Trump v. Am. Broad. Companies, Inc.,* No. 24-21050-CIV, 2024 WL 3519177, at *7 (S.D. Fla. July 24, 2024) (denying motion to dismiss defamation claim; "Where a court first determines the statements are susceptible to a defamatory interpretation, factual questions arise that should be resolved by the trier of fact — here, a jury.").

Plaintiff's complaint, at a minimum, raises a jury question as to whether CNN's publications were defamatory. As recognized in *Diplomat Elec., Inc. v. Westinghouse Elec. Supply Co.,* 378 F. 2d 377, 381-82 (5th Cir. 1967), a case cited by CNN, "A publication claimed to be defamatory must be read and construed in the sense in which the

15

readers to whom it is addressed would ordinarily understand it. The language of the publication should not be given a tortured interpretation but should be construed as the common mind would understand it." In this case, the district court's terse conclusion that a reasonable viewer would not reasonably interpret CNN's broadcasts as defamatory defies the reality that actual CNN viewers in fact incorrectly linked Plaintiff with Hitler and Nazism as a consequence of CNN's deceptive and defamatory broadcasts. The district court's ruling, based on its unduly limited, skewed analysis that resulted in mischaracterization of the defamatory publications, invaded the province of the jury and was erroneous.

Moreover, unlike the term "hate group" in *Coral Ridge Ministries*, the "Big Lie" and comparisons to Hitler are well-defined and understood, such that there was nothing ambiguous in CNN's repeated invoking of those terms in connection with Plaintiff, including with accompanying visual imagery of Hitler, so as to draw a wrongful, direct, and literal comparison between Plaintiff and Hitler, Nazism, and fascist leadership. Because CNN's publications were susceptible to defamatory interpretation, the issue should properly have been left for the jury to decide.

### D. The Record Shows That Plaintiff More Than Sufficiently Pled Actual Malice.

The district court, in its order of dismissal, made no finding on the element of

actual malice, nor did it premise its dismissal on that basis. Instead, the district court merely quoted from a case referencing actual malice in order to support its finding *on the falsity element* of Plaintiff's defamation claim. DE:31:8 (court concluding that "political motivation does not establish falsity"). The district court did not reach the issue of whether any alleged falsehood is "knowing or reckless" for purposes of the actual malice element.

Further, as relevant to this case, Plaintiff plausibly alleged actual malice, and also properly preserved and addressed the issue of actual malice on appeal, *see* Initial-Br.:19-20, 39-40 & n.8. *See also Allstate Ins. Co. v. Swann*, 27 F.3d 1539, 1541, 1542 (11th Cir. 1994). A plaintiff need only proffer facts giving rise to a "plausible inference" of actual malice. *See Dershowitz v. Cable News Network, Inc.,* 541 F. Supp. 3d 1354, 1367-68 (S.D. Fla. 2021) (holding plaintiff's allegations plausibly pled factual basis from which "actual malice" can be inferred); *St. Amant v. Thompson,* 390 U.S. 727, 731 (1968); *Garrison v. Louisiana,* 379 U.S. 64, 74 (1964).

"[A] plaintiff is entitled to prove the defendant's state of mind through circumstantial evidence," and "it cannot be said that evidence concerning motive or care never bears any relation to the actual malice inquiry." *Harte-Hanks Commc'ns, Inc v. Connaughton,* 491 U.S. 657, 668 (1989). *See also Garrison*, 379 U.S. at 85 ("calculated falsehood," as well as "the knowingly false statement and the false statement made

with reckless disregard of the truth, do not enjoy constitutional protection"); .

Nor does CNN explain a non-malice interpretation for the sheer magnitude of the statements here, including over 7,700 instances deceptively linking Plaintiff to Hitler and Nazis. Cases cited by CNN are further distinguishable because: (a) statements at issue were factually true, the opposite of the case here, and the procedural posture was different, *Dunn v. Air Line Pilots Ass'n,* 193 F.3d 1185, 1198 (11th Cir. 1999) (appeal of summary judgment in defendant's favor); (b) the case was not a defamation action and did not address the actual malice standard, *Miami Herald Publ'g Co. v. Tornillo,* 418 U.S. 241, 258 (1974) (Florida statute unconstitutional in requiring newspapers attacking political candidate to afford free reply space); or (c) the allegations were conclusory and/or did not give rise to inference of knowing or reckless disregard of falsity since publisher included information contrary to article's general conclusions, *Jacoby v. Cables News Network, Inc.,* No. 21-12030, 2021 WL 5858569, * 5 (11th Cir. Dec. 10, 2021); *Coral Ridge Ministries,* 6 F.4th at 1252-53 (plaintiff failed to plead facts that would allow court to infer defendant doubted truth of its own definition of "hate group," when defendant actually published definition on its website and could not possibly have used that definition in a misleading way); *Michel v. NYP Holding, Inc.,* 816 F.3d 686, 704 (11th Cir. 2016) (finding insufficient plaintiff's allegations defendant should have investigated the issues more); *Donald J.*

*Trump for President, Inc. v. CNN Broad. Inc.,* 500 F. Supp. 3d 1349, 1357-58 (N.D. Ga. 2020) (finding insufficient allegation that defendants knew statement was false due to extensive public information in largely unrelated articles).

Plaintiff has proffered sufficient facts giving rise to a plausible inference of actual malice under the Supreme Court's current actual malice jurisprudence. Notably, the complaint alleges CNN reporters treated election-integrity concerns of others as appropriate even absent proof of election fraud, but consistently and deliberately labeled Plaintiff's concerns a "Big Lie" voter-suppression propaganda strategy. DE:1:15-16,19-25:¶¶ 12, 15, 16, 19-23, 27-28. CNN reporters and anchors did not use the Hitler labels to describe others who similarly questioned election results, including the 2016 election that Plaintiff won, and even admonished the use of these labels as "stupid" and "sick." DE:1:13:¶¶24-25; DE:1:17-19:¶30-35. This was not a matter of CNN's simply failing to investigate the issues, as illustrated in Plaintiff's Notice Letter. DE:1:23-26:¶¶27–28. Nor did CNN accurately publish information which was contrary to its conclusions. Rather, CNN repeatedly misrepresented that Plaintiff had "zero actual evidence" and "no proof" to support his alleged lies, DE:1:16:¶28(c), (e), knowing, or recklessly disregarding, that this was not the case. CNN's July 29, 2022 email response to Plaintiff's Notice Letter—relying on purely procedural rulings in several election-challenge lawsuits as merits proof of

Plaintiff's alleged untruthfulness, even after Plaintiff pointed out the truth as to those procedural decisions—added to the plausible inference that CNN either deliberately or recklessly disregarded the record of the election challenges. DE:1:4-5:¶10 n.5. Plaintiff's allegations that rely on an undercover video of a CNN employee boasting about CNN's use of "propaganda" to successfully remove Plaintiff from office and admitting that CNN pushed out a story "it didn't know anything about," DE:1:6-7:¶13 n.12, adds to the inference of actual malice. Indeed, when CNN's then-new Chairman and CEO stepped in, he was quick to admonish the use of the "Big Lie" in a conference call with his top producers, DE:1:14:¶26, suggesting this phrase was wrongfully used. *See also* DE:1:9:¶18 (CNN, under then-new management, cancels program that had associated President Trump with Hitler, Stalin, and Mao, which merited PolitiFact's "Pants on Fire" rating as untrue).

The totality of Plaintiff's complaint also demonstrates a strong record basis for allegations of CNN's motive and political bias, both of which are relevant to the allegation of actual malice. CNN's distortion and avoidance of the truth—along with its clear motivation to injure Plaintiff—gives rise to a plausible inference that CNN published each of its statements knowing they were false or, at least, with a reckless disregard for their truth.

## II. THE DISTRICT COURT ABUSED ITS DISCRETION IN DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OR REHEARING AND ALTERNATIVE MOTION FOR LEAVE TO AMEND.

### A. Denial of leave to amend was an abuse of discretion.

This Court has ruled, and CNN does not dispute, that a post-dismissal motion for leave to amend should be "*granted liberally*" unless the district court has "*clearly indicated*" that amendment was not possible or dismissal of the complaint constituted dismissal of the action. *Czermcha v. International Ass'n of Machinists and Aerospace Workers, AFL-CIO*, 724 F.2d 1552, 1556 & n.6 (11th Cir. 1984) (emphases added); *see also MacPhee v. MiMedex Group, Inc.*, 73 F.4th 1220, 1249-50 (11th Cir. 2023) (recognizing, with approval, the liberal pleading standard as held by *Czeremcha*). Neither of these instances is present here, where the district court's order of dismissal with prejudice did not clearly state that amendment was not possible or that the action was dismissed.

*Freeman v. Rice*, 399 Fed.Appx. 540 (11th Cir. 2010), relied on by CNN, is inapposite and merely highlights the salient distinction between the circumstances in that case and Plaintiff's here. In *Freeman*, the district court, in its order of dismissal with prejudice, expressly found that any attempt to amend the complaint would be futile given the lack of jurisdiction to grant the requested relief. *Id.* at 543. Thus,

because the district court in that case had "'clearly indicated' in its order dismissing Freeman's complaint with prejudice that any amendment would be futile," the district court did not abuse its discretion by denying Freeman's post-dismissal motion to amend. 399 Fed.Appx. at 544 (emphasis added; quoting *Czermcha*). By contrast, the district court here made no finding of futility or otherwise "clearly indicated" that amendment was not possible. Notably, contrary to CNN's contention, the Court in *Freeman* did not equate dismissal with prejudice with actual dismissal of the action itself.

This Court's decision in *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999), shows that barring amendment on the basis of undue delay has been found appropriate only in circumstances where the delay was of a meaningful impact and length and not, as here, a mere matter of several months during the pendency of an initial motion. *See id.* (delay was "undue where 'both the parties and the court were fully prepared for trial and the addition of a new claim would have re-opened the pretrial process and delayed the trial'" and no basis for delay was shown) (quoting *Nolin v. Douglas County*, 903 F.2d 1546, 1551 (11th Cir.1990)); *id.* (delay "undue where the motion for leave to amend was filed thirty months after the original complaint and three weeks before trial, where the only apparent reason for the delay was the plaintiff's retention of a new attorney") (citing *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d

1148, 1154 (5th Cir. 1981)). Thus, in affirming denial of amendment in *Burger King Corp. v. Weaver*, this Court explained that "forty months had passed since the filing of the original counterclaim, the new counts would require proof of different facts, and the only apparent reason for the new claims was Weaver's retention of new counsel." 169 F.3d at 1319. However, in the present case, the district court's order narrowing of the complaint's allegations to exclude the facts and context in the detailed retraction demand and notice that Plaintiff appended to the complaint was not reasonably anticipated by Plaintiff, such that any delay was neither tactical nor prejudicial and was essential to fair evaluation of the claim.

CNN's citation to two cases from other Circuits equating dismissal with prejudice to dismissal of the action, CNN-Br:48-49, is thus unavailing in light of this Court's decision in *Freeman* requiring more; further, neither of those non-binding cases involved a request for leave to amend. Similarly, the decisions in *Citibank N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990), in which dismissal with prejudice, in the discrete context of a stipulation and settlement agreement between the parties, satisfied the requirement of a final judgment on the merits, or *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 893 (11th Cir. 2013), in which dismissal for failure to state a claim for relief was deemed an adjudication on the merits, do not reflect that the dismissal in either of those cases amounted to dismissal of the action itself, nor

did either case involve a request for leave to amend.

While the district court's order directed the Clerk of Court to "close" the case, DE:31:11, CNN does not dispute that a final judgment for CNN was never entered, as provided by Fed.R.Civ.P. 58(a). Nor does CNN address *Czermcha*'s additional recognition that "the plaintiff may also move for relief under Fed.R.Civ.P. 59(e) or 60(b) on the basis of proposed amendments even after the action is dismissed and final judgment is entered." 724 F.2d at 1556 & n. 9 (citing *Moore's Federal Practice* ¶ 15.07 [2]). As CNN recognizes, leave to amend was requested as alternative relief in Plaintiff's Rule 59 motion.

CNN contends that Plaintiff should have moved to amend in a separate motion, rather than as an alternative basis for relief accompanying the Rule 59 motion, but offers no case law or rule requiring a separate motion. To the contrary, in *Atkins v. McInteer*, 470 F.3d 1350, 1362 (11th Cir. 2006), cited by CNN, this Court assumed that a request for leave to amend set forth in a memorandum opposing the defendant's motion to dismiss was the functional equivalent of a separate motion. Moreover, Plaintiff's request for leave to amend in the instant case appropriately set forth the substance of the proposed amendment as a claim for defamation by implication. DE:32, 36. *See McInteer*, 470 F.3d at 1362 (recognizing that such a motion may either attach a proposed amendment or, as here, "set forth the substance

24

of the proposed amendment") (citing *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) (same; no indication that any proposed amendment was provided to the court, nor was a proposed amendment attached). While CNN posits that Plaintiff's proposed amended claim of defamation by implication was no different from the dismissed claims, the district court made no such finding, instead resting on the sole ground that it would have given Plaintiff a "second bite at the apple"—a rationale, unaddressed by CNN in its Answer Brief, that is at odds with the applicable liberal amendment policy of the Rules of Civil Procedure. DE:37:2.

> **B.** **The district court abused its discretion in denying reconsideration of dismissal of the complaint with prejudice, where the court's failure to consider the full context of the challenged statements amounted to clear error or manifest injustice.**

CNN's contention that Plaintiff has not identified "any context" that the district court overlooked, CNN-Br:44, is belied by the totality of circumstances documented in the complaint and specified in the initial brief, including vast amounts of factually false statements by CNN, and imagery wrongly associating Plaintiff with Hitler and the Nazi regime, that pervaded CNN's broadcasts. This context clarified and amplified the five instances of defamation to which the district court limited its consideration. CNN does not dispute that the district court did not consider 645 additional instances in the complaint, DE:1:12:¶ 20, in which CNN connected Plaintiff within ten words of Hitler and Nazis; the more than 7,700 further instances

in which CNN stated that Plaintiff used the "Big Lie" strategy, *see* DE:1:24 & n.27—a strategy linked inextricably with the Nazi regime; and more than 60 additional instances of defamation documented in the demand letter incorporated as part of the complaint, DE:1:¶ 28.

CNN does not dispute that the district court, in assessing a claim of defamation premised on false facts or mixed opinion and fact, must consider the context and circumstances surrounding the challenged publications, including all those documented in the complaint. *See, e.g., Dreggors*, 995 So.2d at 551 (quoting *Hay v. Indep. Newspapers, Inc.*, 450 So.2d 293, 295 (Fla. 2d DCA 1984)); *Dibble v. Avrich*, 2015 WL 12532615, at *6. Instead, CNN tries to sidestep this requirement by erroneously suggesting that Plaintiff's claim might be premised on a theory of defamation per quod, in which "the words used, given their natural and common meaning, are not inherently injurious, but rather are injurious only as a consequence of extrinsic facts, such as innuendo." *Daniels v. HSN, Inc.*, No. 818CV3088T24JSS, 2020 WL 533927, at * 3 (M.D. Fla. Feb. 3, 2020).

CNN mischaracterizes the nature of Plaintiff's claim, which, as alleged in the complaint, rests on the inherently harmful nature of the documented publications themselves, as false facts or, alternatively, mixed opinion and facts, and which consist of the five publications set forth in the complaint that were reviewed by the district court and the more than 60 additional publications that are also documented in the

complaint, as illuminated by the context of 7,700 publications wrongly attributing the "Big Lie" strategy to Plaintiff and 645 instances in which Plaintiff was deceptively linked within ten words to Hitler and Nazism. The district court's undisputed failure to consider the context of the statements and the circumstances surrounding their publication contravened the established standard, under both Florida and federal law, for evaluating the merits of CNN's motion to dismiss. Further, notably, Plaintiff has alleged the injurious impact on the viewing public of the publications at issue, as confirmed in viewers' correspondence with CNN. DE:1:7–9, ¶¶ 16-17.

Moreover, the district court's evaluation of Plaintiff's motion for reconsideration was based on its apparent misperception of the standard for relief pursuant to a showing of clear error or manifest injustice. The district court's explanation of this standard was both ambiguous and inapt. DE:37:1 n.1. The sports-game analogy used by turned the applicable standard for reconsideration on its head by stating it would be "manifest error" to grant the motion. *Id.* Instead, the court was required to—but did not—evaluate whether the motion showed the court's original order was manifestly unjust. The district court's misapprehension of the applicable standard was compounded by its further indication that Plaintiff was merely seeking "a second bite of the apple." DE:37:2. As a result, the district court failed to address Plaintiff's contentions, inter alia, that the original order was clearly erroneous or manifestly unjust in failing to afford requisite consideration to the context of the

challenged defamatory statements, which its original order had overlooked, and in failing to consider that the statements were actionable in implying the existence of defamatory facts.  DE:32.  Because the district court failed to address these bases for relief and instead premised its evaluation of Plaintiff's motion for reconsideration on a skewed and erroneous understanding of the applicable clear error or manifest injustice standard, the order denying reconsideration was improper and merits reversal.

## CONCLUSION

For the reasons stated herein and in Plaintiff's Initial Brief, Plaintiff respectfully requests that the Court reverse the orders of dismissal and denial of reconsideration or rehearing or, alternatively, for leave to amend.

Respectfully submitted,

BRITO, PLLC
2121 Ponce de Leon Blvd., Suite 650
Coral Gables, Florida 33134
Tel:  (305) 440-4385

By:    *Alejandro Brito*
         Alejandro Brito

RICHARD C. KLUGH, P.A.
40 N.W. 3rd Street, PH1
Miami, Florida 33128
Phone: (305) 536-1191

By:    *Richard C. Klugh*
         Richard C. Klugh

*Counsel for Appellant, President Donald J. Trump*

**CERTIFICATE OF COMPLIANCE**

Undersigned counsel certifies that this brief complies with the type-volume limitation of Fed. R. App. P. 5(c)(1), as well as 11th Cir. R. 32-4, because, excluding the parts of the brief exempted by Fed. R. App. P. 32(f), it contains 6,493 words. Undersigned counsel certifies that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Word Perfect in 14-point Garamond font.

*Richard C. Klugh*
Richard C. Klugh

**CERTIFICATE OF SERVICE**

I certify that on September 16, 2024, the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record and that requisite copies of the brief were mailed to the Court.

*Richard C. Klugh*
Richard C. Klugh