**NOT FOR PUBLICATION**

*In the*

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-14044
Non-Argument Calendar
_____

DONALD JOHN TRUMP,

        *Plaintiff-Appellant,*

versus

CABLE NEWS NETWORK, INC.,

        *Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:22-cv-61842-AHS
_____

Before JORDAN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

    In 2022, Plaintiff-Appellant Donald J. Trump filed a defamation suit against Cable News Network, Inc. (CNN). He complained that, by using the phrase "Big Lie" to describe his claims about the

2020 presidential election, CNN defamed him. The district court dismissed his complaint with prejudice. Trump then moved for reconsideration and, alternatively, for leave to amend his complaint. The district court denied these motions.

On appeal, Trump contends that the district court erred in dismissing his complaint and abused its discretion in denying his motions. We affirm the district court's dismissal.

## I.

"We review de novo a Rule 12(b)(6) dismissal for failure to state a claim upon which relief may be granted." *Coral Ridge Ministries Media, Inc. v. Amazon.com, Inc.*, 6 F.4th 1247, 1251 (11th Cir. 2021). "We review for abuse of discretion a district court's denial of a motion for reconsideration under Rule 59." *Gulisano v. Burlington, Inc.*, 34 F.4th 935, 941 (11th Cir. 2022).

## II.

Under Florida law, defamation has five elements: "(1) publication; (2) falsity; (3) the statement was made with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) the statement must be defamatory." *Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018).

"When applying state defamation law to public figures, the First Amendment imposes additional limitations": (1) "[T]he alleged defamatory statement must be sufficiently factual to be susceptible of being proved true or false"; (2) "the statement must be

23-14044                Opinion of the Court                3

actually false"; and (3) the plaintiff "must prove that the defendant made the alleged defamatory statement with actual malice." *Coral Ridge*, 6 F.4th at 1252 (footnote, citations, and internal quotation marks omitted).

The district court dismissed Trump's defamation claim because the statements of which he complained were "opinion, not factually false statements, and therefore [we]re not actionable." *Trump v. Cable News Network, Inc.*, 684 F. Supp. 3d 1269, 1274 (S.D. Fla. 2023). Alternatively, the court ruled that Trump did not sufficiently plead that CNN acted with actual malice. *Id.* at 1275. We agree that Trump did not adequately plead falsity. Therefore, we affirm the dismissal of Trump's claim.

"A false statement of fact is the *sine qua non* for recovery in a defamation action." *Hallmark Builders, Inc. v. Gaylord Broad. Co.*, 733 F.2d 1461, 1464 (11th Cir. 1984) (quoting *Byrd v. Hustler Magazine, Inc.*, 433 So. 2d 593, 595 (Fla. 4th Dist. Ct. App. 1983)). Trump alleges that CNN published false statements of fact when it used the phrase "Big Lie" in relation to Trump, which he asserted was intended to associate him with Hitler and Nazi propaganda.

To be clear, CNN has never explicitly claimed that Trump's "actions and statements were designed to be, and actually were, variations of those [that] Hitler used to suppress and destroy populations." Reply Br. at 7. But, according to Trump, this assertion is implied in CNN's use of the phrase "Big Lie." Further, he argues, the phrase "*could* reasonably be interpreted . . . by facets of the CNN audience as accusations that [Trump] is doing exactly what

the historical record shows [that] Hitler did in his monstrous, genocidal crimes against humanity." *Id.* at 8. And, the argument goes, these accusations are false statements of fact because Trump did not do exactly what Hitler did. Hitler engaged in a monstrous genocide; Trump "exercis[ed] a constitutional right to point out concerns with the integrity of elections." *Id.*

Trump's argument is unpersuasive. First, although he concedes that CNN's use of the term "Big Lie" is, to some extent, ambiguous, he assumes that it is unambiguous enough to constitute a statement of fact. This assumption is untenable. Although we haven't squarely addressed the point, case law from other circuits is persuasive. In *Buckley v. Littell*, 539 F.2d 882 (2d Cir. 1976), *cert. denied*, 429 U.S. 1062 (1977), the Second Circuit held that, by using the terms "fascist," "fellow traveler," and "radical right" to describe William F. Buckley, Jr., the defendant was not publishing "statements of fact." *Buckley*, 539 F.2d at 893. Rather, the court ruled, the terms were "so debatable, loose and varying[] that they [we]re insusceptible to proof of truth or falsity." *Id.* at 894. Similarly, in *Ollman v. Evans*, 750 F.2d 970 (D.C. Cir. 1984) (*en banc*), *cert. denied*, 471 U.S. 1127 (1985), the D.C. Circuit held that when the defendant called the plaintiff "an outspoken proponent of political Marxism," his statement was "obviously unverifiable." *Ollman*, 750 F.2d at 987. Trump argues that the term "Big Lie" is less ambiguous than the terms "fascist," "fellow traveler," "radical right," and "outspoken proponent of political Marxism." But he does not explain this assertion. If "fascist"—a term that is, by definition, political—

23-14044               Opinion of the Court                        5

is ambiguous, then it follows that "Big Lie"—a term that is facially apolitical—is at least as ambiguous.

Second, Trump's argument hinges on the fact that his own interpretation of his conduct—*i.e.*, that he was exercising a constitutional right to identify his concerns with the integrity of elections—is true and that CNN's interpretation—*i.e.*, that Trump was peddling his "Big Lie"—is false. However, his conduct is susceptible to multiple subjective interpretations, including CNN's. As we held in *Turner*, one person's "subjective assessment" is not rendered false by another person's "different conclusion." 879 F.3d at 1264. In *Turner*, the defendants stated that, on at least one occasion, the plaintiff, James Turner, offensive line coach of the Miami Dolphins, participated in the "homophobic taunting" of one of his players. *Id.* Turner argued that this statement was false because his conduct was a "harmless 'joke,' as opposed to homophobic taunting." *Id.* We rejected his argument, concluding that the statement "[wa]s the [d]efendants' subjective assessment of Turner's conduct and [wa]s not readily capable of being proven true or false." *Id.* Just as the *Turner* defendants described Turner's conduct as "homophobic taunting," CNN described Trump's conduct as his "Big Lie." Just as Turner viewed his own conduct as a "harmless 'joke,'" Trump viewed his own conduct as the exercise of a constitutional right. As in *Turner*, so too here. CNN's subjective assessment of Trump's conduct is not readily capable of being proven true or false.

Trump has not adequately alleged the falsity of CNN's statements. Therefore, he has failed to state a defamation claim.

Trump's other arguments are likewise meritless. He argues that the district court erred in limiting its analysis to the five defamatory statements that he listed in his complaint. According to Trump, the district court should have also analyzed the "more than sixty instances of defamation set forth in the Notice Letter to CNN" and the "nearly 7,700 instances in which CNN had defamed Plaintiff with the 'Big Lie' allegation." Brief of Appellant at 18. Trump has not alleged that any of these "instances of defamation" refer to something other than CNN's use of "Big Lie." We have held that, by using "Big Lie" to describe Trump, CNN was not publishing a false statement of fact. Therefore, whether CNN used "Big Lie" one time or many is irrelevant to the question of falsity.

Trump also contends that a jury should decide whether CNN's publications are defamatory. We disagree. "Whether the statement is one of fact or opinion and whether a statement of fact is susceptible to defamatory interpretation are questions of law for the court." *Turner*, 879 F.3d at 1262–63 (citing *Keller v. Miami Herald Pub. Co.*, 778 F.2d 711, 715 (11th Cir. 1985)).

### III.

After the district court dismissed his complaint with prejudice, Trump moved for reconsideration and, alternatively, for leave to amend his complaint. The district court denied these motions. Trump argues that the district court abused its discretion. We disagree..

23-14044               Opinion of the Court                    7

Trump argues that, when the district court denied his motion for leave to amend, it applied a standard that was too strict. Essential to his argument is his claim that the district court did not issue a judgment when it dismissed his complaint with prejudice. "In these circumstances," Trump argues, "leave to amend should have been 'granted liberally.'" Brief of Appellant at 41 (quoting *Czeremcha v. International Ass'n of Machinists and Aerospace Workers, AFL-CIO*, 724 F.2d 1552, 1556 & n. 6 (11th Cir. 1984)). But Trump overlooks that, in its order, the district court indicated that "dismissal of the complaint constituted dismissal of the action." *Id.* After dismissing Trump's complaint with prejudice, the court stated that "[t]he Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions." *Trump*, 684 F. Supp. 3d at 1277. Therefore, the district court did not abuse its discretion in denying Trump's motion for leave to amend.

Nor did the district court abuse its discretion in denying Trump's motion for reconsideration under Rule 59. Trump asserts that the district court (1) "fail[ed] to consider the entirety of the circumstances surrounding CNN's publication of the challenged statements" and (2) "appeared to reframe its understanding of [the clear error] standard in a manner unrelated to the case." Brief of Appellant at 51–52, 55). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (alteration in original) (quoting *In re Kellogg,* 197 F.3d 1116, 1119 (11th Cir. 1999)). Neither of Trump's points involve newly discovered evidence or manifest errors of law or fact, and the record confirms that

the district court cited and applied the correct standard. We find no abuse of discretion.

### IV.

For all of the above reasons, we **AFFIRM** the district court's dismissal of Trump's complaint.