## No. 23-14044-E

---

### IN THE UNITED STATES COURT OF APPEALS
### FOR THE ELEVENTH CIRCUIT

---

### DONALD J. TRUMP,

Appellant,

v.

### CABLE NEWS NETWORK, INC.,

Appellee.

---

### On Appeal from the United States District Court
### for the Southern District of Florida

---

### APPELLANT'S PETITION FOR REHEARING *EN BANC*

---

**Richard C. Klugh, Esq.**
**40 N.W. 3rd Street, PH1**
**Miami, Florida 33128**
**Tel. (305) 536-1191**

**Alejandro Brito, Esq.**
**Brito, PLLC**
**2121 Ponce de Leon Blvd., Suite 650**
**Coral Gables, Florida 33134**
**Tel: (305) 440-4385**

**Counsel for Appellant, President Donald J. Trump**

**CERTIFICATE OF INTERESTED PERSONS AND
CORPORATE DISCLOSURE STATEMENT**

Appellant files this Certificate of Interested Persons and Corporate Disclosure Statement, listing the parties and entities interested in this appeal, as required by 11th Cir. R. 26.1.

Brito, Alejandro

Bryan Cave Leighton Paisner LLP

Cable News Network, Inc.

Edison, Eric C.

Gunster, Yoakley & Stewart, P.A.

Halligan, Lindsey

Ifrah Law PLLC

Klugh, Richard C.

LeMieux, George S.

Schroeder, Eric. P.

Singhal, Hon. Raag

Trusty, James M.

Underwood, Jr., Brian M.

Valle, Hon. Alicia O.

Warner Bros. Discovery, Inc. (Nasdaq: WBD)

## STATEMENT OF COUNSEL

Pursuant to 11th Cir. R. 35-5(c), I express a belief, based on a reasoned and studied professional judgment, that this appeal involves the following questions of law of exceptional importance warranting rehearing *en banc* by the Eleventh Circuit:

1.    When a public figure sues for defamation, according to the current Supreme Court precedent, the First Amendment imposes provable factual falsity as an element.  The question presented is as follows:  is resolving the dispute over whether an allegedly defamatory statement is one of fact or opinion—here, CNN's repeated, defamatory statements falsely equating President Donald J. Trump's objections regarding the integrity of the 2020 presidential election with the "Big Lie" of Adolf Hitler and the Nazis—for the court or the jury?

2.    Alternatively, if the court must determine under state law whether an allegedly defamatory statement is one of fact susceptible to defamatory interpretation or opinion, did CNN's more than 7,700 statements wrongly equating President Trump's objections regarding the integrity of the 2020 presidential election with the "Big Lie" propaganda techniques of Hitler and the Nazis fall categorically outside the scope of actionable defamation as a matter of law?

s/ <em>Richard C. Klugh</em><br>
RICHARD C. KLUGH, ESQ.<br>
Attorney for Appellant

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS . . . . . . . . . . . . . . . . . . . . . . . . . . . C1

STATEMENT OF COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE *EN BANC* ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF RELEVANT FACTS AND PROCEEDINGS . . . . . . . . . . . . . 1

PETITION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

1.    The question whether the determination of provable falsity of defamatory claims is to be made by the court or the jury should be answered on the basis of federal law, not the varying resolutions of that issue by state courts applying state law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

2.    If falsity is considered a matter of law for the court, the *en banc* Court should find that, in context, CNN's repeated statements purporting to identify President Trump's objections to the integrity of the 2020 presidential election as "Big Lie" propaganda employed by Adolf Hitler and the Nazis was actionable and provably false . . . . . . . . . . . . . . . . . . . . . . . . . 7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

APPENDIX – Panel decision (11th Cir. Nov. 18, 2025)

# TABLE OF CITATIONS

## Cases

*Aldoupolis v. Globe Newspaper Co.*, 398 Mass. 731 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Byrd v. Blue Ridge*, 356 U.S. 525 (1958) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Caron v. Bangor Publishing Co.*, 470 A.2d 782 (Me. 1984) . . . . . . . . . . . . . . . . . . . . . . . . 6

*Chambers v. Travelers Cos.*, 668 F.3d 559 (8th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . 5

*Competitive Enterprise Institute v. Mann*, 150 A.3d 1213 (D.C. Ct. App. 2016) . . . . . . . . 6

*Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Gilbrook v. City of Westminster*, 177 F.3d 839 (9th Cir. 1999) . . . . . . . . . . . . . . . . . 14, 15

*Good Govt. Group of Seal Beach, Inc. v. Superior Ct. of Los Angeles Cty.*,
22 Cal.3d 672 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Gray v. St. Martin's Press, Inc.*, 221 F.3d 243, 248 (1st Cir. 2000) . . . . . . . . . . . . . . . . . . 5

*Keller v. Miami Herald Pub. Co.*, 778 F.2d 711 (11th Cir. 1985) . . . . . . . . . . . . . . . . . . . 4

*Liberty Lobby v. Anderson*, 1991 WL 186998 (D.D.C. May 1, 1991) . . . . . . . . . . . . . . . 11

*Madison v. Frazier*, 539 F.3d 646 (7th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Moldea v. New York Times Co.*, 15 F.3d 1137 (D.C. Cir. 1994) . . . . . . . . . . . . . . . . . . . . 6

*National Review, Inc. v. Mann*, 589 U.S. 1088 (2019) . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Turner v. Wells*, 879 F.3d 1254 (11th Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8

## Statutes and Other Authorities

U.S. Const., amend. I . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

## STATEMENT OF *EN BANC* ISSUES

1.    Where there is a dispute over whether an allegedly defamatory statement is one of fact or opinion—here, CNN's repeated statements equating President Donald J. Trump's objections to the integrity of the 2020 presidential election with the "Big Lie" of Adolf Hitler and the Nazis—should state law,or instead federal law, determine whether the court or the jury decides the factual falsity issue?

2.    If the court must determine under state law whether an allegedly defamatory statement is one of fact susceptible to defamatory interpretation or opinion, did CNN's repeated statements comparing President Trump's objections to the integrity of the 2020 presidential election to the "Big Lie" propaganda techniques of Adolf Hitler and the Nazis fall categorically outside the scope of actionable defamation as a matter of law?

## STATEMENT OF RELEVANT FACTS AND PROCEEDINGS

Beginning in January 2021, Appellee Cable News Network, Inc. ("CNN"), a multinational news network and the owner of the eponymous CNN website that has claimed to "reach[] more individuals on television and online than any other news organization in the United States," DE:1:5, ¶ 11, initiated a campaign to falsely assert, at least 7,700 times, that Appellant President Trump was using the "Big Lie"—which CNN expressly equated, as a matter of fact, with Adolf Hitler and the Nazi

1

propaganda machine—in questioning the integrity of the process for calculating the results of the 2020 Presidential election. DE:1:24 & n. 27.

The Panel, in the Appellant's view in error, affirmed the district court's dismissal of President Trump's defamation action against CNN. *See* Appendix (Panel opinion, cited herein as "Op."). The Panel ruled that the district court correctly granted CNN's motion to dismiss the Complaint, which alleged that CNN defamed President Trump by its widespread, pervasive broadcasting of an accusation that by questioning the integrity of the 2020 presidential election, President Trump engaged in mass dissemination of lies of a scale and nature somehow equal to those Hitler employed as a strategic part of the Nazis' programmatic course of genocide and war crimes. Alternatively stated, CNN claimed, over seven thousand times, that Hitler had engaged in the same conduct that President Trump pursued. Op. at 2, 3–4.

The Panel ruled that CNN's wrongful, defamatory, and malicious statements of alleged facts about President Trump were incapable of being disproven, and thus that CNN's accusations that President Trump was lying in the same wrongful manner that Hitler did in his crimes against humanity were protected under the First Amendment because those statements represented a "subjective assessment" beyond a determination of truth or falsity. Op. at 5. That ruling was error. The Panel, again in the Appellant's view, erroneously, ruled further that the determination of whether CNN's statements equating President Trump with Hitler and the Nazi propaganda

2

machine conveyed factual accusations was for the Court to determine. Op. at 6. The Panel held: "If 'fascist'—a term that is, by definition, political—is ambiguous, then it follows that 'Big Lie'—a term that is facially apolitical—is at least as ambiguous." Op. at 4–5.

The Panel's conclusion of the supposed unprovability of the falsity of CNN's false and defamatory statements wrongly equating President Trump with Hitler and the Nazi propaganda machine was originally disproven by CNN itself in response to President Trump's demand for a written retraction. In an email response, CNN falsely asserted that President Trump's questioning of the integrity of the process for calculating the results of the 2020 presidential election amounted to lies that been contradicted by objective, authoritative, judicial, and other governmental proceedings. DE:1:4–5, ¶ 10 & n. 5 (CNN email response to President Trump's retraction demand asserting, inter alia, that the falsity of his election claims was "well-established," that CNN's assertions had been verified, and that "judges across the United States" had refuted the fraud claims). On that basis—i.e., CNN's claim of objective *factual* truth—CNN refused to retract any of the defamatory statements. *Cf.* DE:35:2 (CNN asserts President Trump's election process claims have been "disproven"); DE:20:2 (CNN states that President Trump's assertions about the election have been

3

"debunked," and are "unfounded," and that "evidence of material election fraud does not exist").

## PETITION

## I.

**The question whether the determination of provable falsity of defamatory claims is to be made by the court or the jury should be answered on the basis of federal law, not the varying resolutions of that issue by state courts applying state law.**

This Court has previously applied Florida law to answer the questions (i) whether the court or a jury should resolve the provable falsity of an allegedly defamatory statement, *Turner v. Wells*, 879 F.3d 1254, 1262–63 (11th Cir. 2018); *see Keller v. Miami Herald Pub. Co.*, 778 F.2d 711, 715 (11th Cir. 1985), and (ii) whether the categorization of a statement as fact or opinion is a question of law for the court to decide or rather a question of fact for the jury. The Panel, *see* Op. at 6, utilized these precedents, in which courts had applied Florida state law without conducting the requisite independent determination of the issue of whether a jury should decide the falsity question. This matter warrants *en banc* review to ensure that proper analysis under *Byrd v. Blue Ridge*, 356 U.S. 525 (1958) and *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938) is conducted, prior to applying Florida law.

Under *Erie*, federal courts sitting in diversity must apply state substantive law and federal procedural law. "It cannot be gainsaid that there is a strong federal policy

against allowing state rules to disrupt the judge-jury relationship in the federal courts." *Byrd v. Blue Ridge*, 356 U.S. at 538. This question—of whether a judge or a jury should determine whether a statement or connotation is provably false—should be determined by the federal courts, as Justice Alito recently opined in dissenting from the denial of certiorari in *National Review, Inc. v. Mann*, 589 U.S. 1088 (2019).

As Justice Alito wrote: the question whether a court or jury must determine if a factual connotation is provably false "is important and has divided the lower courts." *Id.* at 1089; *see id.* at 1090–91 (Alito, J., dissenting from denial of certiorari) (opining that "whether the courts or juries should decide whether an allegedly defamatory statement can be shown to be untrue—is delicate and sensitive and has serious implications for the right to freedom of expression. . . . [This] question presented . . . calls out for review.").

To the extent that Justice Alito was describing the Eighth, Seventh, First, and D.C. Circuits as having held this issue to be a question of law, in many of those cases, the Circuits appeared to apply the law of the respective states without engaging in the necessary choice-of-law analysis. *Chambers v. Travelers Cos.*, 668 F.3d 559, 564 (8th Cir. 2012) (applying Minnesota law); *Madison v. Frazier*, 539 F.3d 646, 654 (7th Cir. 2008) (appearing to apply both Illinois and federal law; but in applying federal law, citing a prior decision that applied Illinois law); *Gray v. St. Martin's Press, Inc.*, 221 F.3d 243, 248

5

(1st Cir. 2000) (appearing to apply federal law); *Moldea v. New York Times Co.*, 15 F.3d 1137, 1142 (D.C. Cir. 1994) (characterizing the question as a "pure question of law" without analysis).

Justice Alito's opinion dissenting from the denial of certiorari in *National Review, Inc.* also cited several state courts that have reached a contrary conclusion and have held that the provable falsity of a connotation is a question for the jury: "it is for the jury to determine whether an ordinary reader would have understood [expression] as a factual assertion." *National Review, Inc.*, 589 U.S. at 1089 (citing *Good Govt. Group of Seal Beach, Inc. v. Superior Ct. of Los Angeles Cty.*, 22 Cal.3d 672, 682 (1978). *See also Aldoupolis v. Globe Newspaper Co.*, 398 Mass. 731, 734 (1986) ("if a statement is susceptible of being read by a reasonable person as either a factual statement or an opinion, it is for the jury to determine"); *Caron v. Bangor Publishing Co.*, 470 A.2d 782, 784 (Me. 1984) ("If the average reader could reasonably understand the statement as either fact or opinion, the question of which it is will be submitted to the jury"); *Competitive Enterprise Institute v. Mann*, 150 A.3d 1213, n.46 (D.C. Ct. App. 2016) (characterized by Justice Alito as appearing to adopt the view that the question is best left to the jury).

As Justice Alito has recognized, lower courts have been applying a mix of state and federal law—with some initially considering whether an allegedly defamatory statement involves provable falsity a state law question but then applying federal

6

common law, while other courts simply concluding that the question to turn on federal law without any analysis.

Given the important substantive rights and countervailing interests here, where the Panel rested its affirmance of the dismissal of President Trump's defamation action on its conclusion that the allegations complained of did not amount to verifiably false assertions of fact, this Court's *en banc* review is warranted to determine whether this presents a question of state or federal law, and whether federal law requires this question to be put to the jury.

## II.

**If falsity is considered a matter of law for the court, the *en banc* Court should find that, in context, CNN's repeated statements purporting to identify President Trump's objections to the integrity of the 2020 presidential election as "Big Lie" propaganda employed by Adolf Hitler and the Nazis was actionable and provably false.**

The Panel opinion affirming dismissal of President Trump's Complaint on the basis that the defamation element of falsity was not provable under its allegations is erroneous, and warrants *en banc* rehearing. The Panel opinion is premised on a flawed distinction between mere characterization or categorization of facts and the manufacturing of factual and historical inaccuracies in order to falsely attribute crimes and misconduct that are factually unfounded in multiple fundamental ways. The Panel opinion also misapprehends and truncates the full scope and context of

7

President Trump's allegations of defamation, while applying a heightened standard of procedural analysis applicable to a later post-discovery or summary judgment stage of the proceedings.

The Panel's incorrect determination that President Trump failed to adequately allege the falsity of the challenged statements rests principally on its treatment of CNN's effort to falsely claim an individual was lying on a criminal scale of Hitler and the Nazis as being analogous to the crucially distinct circumstance of the report of opinions of a law firm addressing undisputed facts in *Turner* v. *Wells*, 879 F.3d 1254. The false factual premises underlying CNN's historically-falsified claims here make it far afield from *Turner*.

The Panel's assertion that President Trump's "conduct is susceptible to multiple *subjective* interpretations, *including CNN's*," Op. at 5 (emphases added), is not grounded in anything in the present record. Nowhere do the alleged statements of CNN include caveats such as 'I [or we] believe' or 'in my [or our] view,' which again distinguishes this case from *Turner*, in which the law firm drafting "the Report stated several times that it sets forth the Defendants' *opinions*." *Turner*, 879 F.3d at 1264 (emphasis added). Here, by contrast, CNN's statements wrongly equating President Trump with Hitler and the Nazis were not presented as "subjective interpretations," but as objective truth, including through CNN's extensive use of Hitler, Goebbels,

8

and Nazi references and photographs. These references and photographs were intended, as a matter of fact, to falsely communicate that President Trump was engaging in conduct comparable to the heinous crimes against humanity of Hitler and the Nazis. Nowhere do the alleged CNN statements include a caveat, such as "I believe" or "in my view."

Notably, according to the Panel, President Trump "alleges that CNN published false statements of fact when it used the phrase 'Big Lie' in relation to Trump, *which he asserted was intended* to associate him with Hitler and Nazi propaganda." Op. at 3 (emphasis added). The Panel ignores the actual substance of the Complaint's allegations, which quote verbatim, and reference broadcast imagery showing, CNN's explicit linkage of the term "Big Lie" to Joseph Goebbels and the Hitler regime, and the false, defamatory association of President Trump with two of the most despicable criminals in human history, so as to drive home CNN's false, allegedly fact-based claim that President Trump had constructed a grand scheme of lies somehow causing comparable harm as Hitler, Goebbels and the Nazis.

As alleged in the Complaint, CNN repeatedly referred to Goebbels and Hitler in accusing President Trump of engaging in a comparable "Big Lie." *See* DE:1:15 ¶ 28(b) (alleging CNN Editor-at-Large Chris Cilizza's statements expressly linking Appellant's use of the "Big Lie" with "Nazi Joseph Goebbels" by falsely asserting that

Appellant's questioning of the integrity of the results of the 2020 presidential election "was a near-replication of this infamous line from Nazi Joseph Goebbels: 'if you tell a lie big enough and keep repeating it, people will eventually come to believe it'"); DE:1:11 ¶ 19(c) (CNN News Room Host Jim Acosta statements linking Appellant's use of the "Big Lie" with "Hitler"). *See also* DE:1:7 § 16 (CNN Anchor Fareed Zakaria's "Special Report" juxtaposing imagery of Hitler with imagery of Appellant, and implicitly denouncing Appellant as a "demagogue" like those "American has vanquished before."). CNN further cemented that explicit, false association, allegedly based in fact, in directly connecting Appellant and his use of the "Big Lie" to Hitler and Nazis. DE:1:14-15 ¶ 28(a). Thus, contrary to the Panel opinion, it was not President Trump, but CNN that (falsely) connected him to Hitler and Nazis to make millions of viewers mistakenly believe CNN's false factual allegations about President Trump.

The Panel stated that CNN "never explicitly claimed that Appellant's 'actions and statements were designed to be, and actually were, variations of those [that] Hitler used to suppress and destroy populations.'" Op. at 3. That was incorrect. CNN did make that claim. In broadcasting to millions of people that President Trump was engaging in the "Big Lie"—while specifically identifying the "Big Lie" with Nazis and Hitler, and Nazis and Hitler with President Trump, both verbally and through

photographic imagery—CNN attempted to convey a direct criminal, even genocidal, linkage of supposed fact between President Trump and Hitler and Nazis. And CNN's own statements in response to retraction demand letters established that CNN was purporting to broadcast facts, not mere opinions about President Trump.

Most importantly, in what is per se defamation, CNN falsely and repeatedly conveyed that there was a factual identity between what President Trump did and what Hitler did (there was not), however those concepts are defined in the minds of individual viewers—amounting, at the least, to an identity of grand-scale misconduct according to CNN: either that President Trump was committing wrongs of the kind Hitler and the Nazis committed. or the converse, that Hitler did what President Trump did by creating what CNN asserted as a matter of fact, i.e., that President Trump made intentionally false claims regarding electoral integrity. The damage inflicted on President Trump of such false claims by CNN are lasting and easy to comprehend. *See Liberty Lobby v. Anderson*, 1991 WL 186998, *9 (D.D.C. May 1, 1991) ("[T]o accuse someone of emulating [Hitler] in appearance or action ... suggests that [the plaintiff] is a Nazi but also implies, among other things, that he is deluded and perhaps insane. These are implications that a reasonable jury might find to be defamatory and to have been published with actual malice.").

Moreover, the Panel did not gauge the qualitatively distinct expressive function

11

effected by the massive number of times—more than 7,700—in which CNN accused President Trump of engaging in the "Big Lie," DE:1:14 ¶ 28. The Panel also erroneously overlooked CNN's Hitler and Nazi branding of President Trump, particularly given the additional within-10-word linkage of President Trump with Hitler or Nazis on at least 645 CNN broadcasts, DE:1:12 ¶ 20, as well as photographic imagery of Hitler presiding over an apparent Nazi rally while CNN's anchor was simultaneously deriding President Trump, DE:1:7 § 16, and by broadcasting that the President "nearly replicated" Nazi propagandist Goebbels' "Big Lie." DE:1:15 ¶ 28(b).

The Complaint, in alleging that the phrase "the Big Lie" was intended to wrongfully and maliciously associate President Trump with Hitler and Nazis, provides specific examples of CNN explicitly associating President Trump with Hitler and Nazis. The Panel did not incorporate into its analysis this essential portion of President Trump's argument. The Complaint did not refer to "the Big Lie" as decontextually signifying Nazi propaganda on its own, nor does President Trump do so on appeal. Instead, both the crux of the Complaint and President Trump's position on appeal is that CNN's widespread use of the term "the Big Lie" in explicit connection with Hitler and Nazis must be viewed in the context of its malicious, defamatory comparison (based on alleged facts) of President Trump with Hitler and

Nazis on a virtually nonstop basis. CNN's use of purported expert analysis further showed that explicit nature of CNN's use of alleged facts in its defamatory equating of President Trump with Hitler and Nazis.

Notably, the Panel acknowledges that this Court has not "squarely addressed" whether use of the term "the Big Lie" is a statement of fact. Op. at 4. As a threshold matter, the Panel opinion misapprehends the full scope and context of President Trump's claim. Not only did CNN use the term "Big Lie," it wrongly, malicious, and defamatorily connected President Trump's election integrity objections explicitly with Hitler and Nazism when, inter alia, CNN broadcast a photo of Hitler presiding over an apparent Nazi rally, in juxtaposition with a photo of President Trump, while referencing Hitler's "Big Lie." In doing so, CNN made explicit its alleged statement of fact that President Trump was using propaganda techniques of Hitler and the Nazis, which is a malicious falsehood. CNN unmistakably went beyond vague opinion to attempt to personalize President Trump as a factual embodiment of Hitler, which is clear defamation. CNN further attempted to cement that explicit association in directly connecting President Trump and his alleged use of "Big Lie" communications techniques to Hitler and the Nazis. DE:1:14-15 ¶ 28(a).

The Panel states that the term the "Big Lie" is a "facially apolitical term." Op. at 5. But the "Big Lie" term cannot be described as facially apolitical when used in

connection with Hitler and his Nazi regime, as CNN repeatedly did. The Panel states that CNN's subjective assessment of President Trump's conduct is not readily capable of being proven true or false. That is wrong. The falsity of CNN's repeated, false equating of President Trump's statements about the integrity of the 2020 presidential election with Hitler's "Big Lie" is a question of fact that a jury can determine.

The Panel erred in rejecting President Trump's position that the district court should have expanded its analysis to include the more than 60 instances of defamation set forth in the retraction notice to CNN, and the more than 7,700 instances in which CNN had defamed Appellant with the Big Lie allegation. The Panel erred in finding that the number of times CNN used the "Big Lie" to describe President Trump does not bear on whether it defamed him. The Panel also erred in ignoring that President Trump's argument is that the multiple references to the "Big Lie," together with associated factual references to Hitler, by name and photograph, plainly constitute defamation.

In *Gilbrook v. City of Westminster*, 177 F.3d 839 (9th Cir. 1999), the Ninth Circuit ruled that referring to an individual as a "Jimmy Hoffa" was not actionable, because "not all reasonable people associate the name and persona of Jimmy Hoffa with *criminal* activity," with some considering him a hero. *Id.* at 863 (emphasis added). By contrast, Hitler unquestionably is associated by "all reasonable people," *id.*, with evil

14

and criminality on a historic scale, including in his pursuit and carrying out of mass murder. CNN, by repeatedly calling President Trump a purveyor of the "Big Lie" while explicitly linking its use of that term to Hitler and the Nazi regime, directly, and falsely associated the President with heinous evil and criminality—an association unlike the Hoffa reference in *Gilbrook*.

Whether or not someone is engaging in Hitler's "Big Lie" propaganda strategy is a statement that inherently involves factual determinations that a jury—not a judge—must make. CNN falsely and maliciously called President Trump a liar and stated as a matter of fact that his statements about election integrity were comparable to those of Hitler and the Nazis, among the worst villains in human history. The provable falsity of that factual accusation is a matter for a jury to determine.

## CONCLUSION

For the reasons stated herein, the Court should grant rehearing *en banc*. President Trump's contesting of the highly questionable 2020 election, a position for which extensive supporting data has continued to emerge, was provably not the equivalent of a Nazi scheme to use mass lies to commit heinous crimes against humanity. That CNN had as its goal distorting the factual and historical record in order to harm President Trump does not take its defamatory actions beyond the scope of the law.

15

Respectfully submitted,

BRITO, PLLC
2121 Ponce de Leon Blvd., Suite 650
Coral Gables, Florida 33134
Tel: (305) 440-4385

RICHARD C. KLUGH, ESQ.
40 N.W. 3rd Street, PH1
Miami, Florida 33128
Phone: (305) 536-1191

By:   *Alejandro Brito*
      Alejandro Brito

By:   *Richard C. Klugh*
      Richard C. Klugh

*Counsel for Appellant, President Donald J. Trump*

16

## CERTIFICATE OF COMPLIANCE

I CERTIFY that this petition complies with the type-volume limitation of Fed. R. App. P. 32(a)(7). According to the WordPerfect program on which it is written, the numbered pages of this brief contain 3,567 words.

*Richard C. Klugh*
Richard C. Klugh

## CERTIFICATE OF SERVICE

I CERTIFY that on February 9, 2026, the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record and that requisite copies of the petition were mailed to the Court.

*Richard C. Klugh*
Richard C. Klugh

17

NOT FOR PUBLICATION

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 23-14044
Non-Argument Calendar
_____

DONALD JOHN TRUMP,

*Plaintiff-Appellant,*

*versus*

CABLE NEWS NETWORK, INC.,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:22-cv-61842-AHS
_____

Before JORDAN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

In 2022, Plaintiff-Appellant Donald J. Trump filed a defamation suit against Cable News Network, Inc. (CNN).  He complained that, by using the phrase "Big Lie" to describe his claims about the

APPENDIX

2020 presidential election, CNN defamed him.  The district court dismissed his complaint with prejudice.  Trump then moved for reconsideration and, alternatively, for leave to amend his complaint.  The district court denied these motions.

On appeal, Trump contends that the district court erred in dismissing his complaint and abused its discretion in denying his motions.  We affirm the district court's dismissal.

## I.

"We review de novo a Rule 12(b)(6) dismissal for failure to state a claim upon which relief may be granted." *Coral Ridge Ministries Media, Inc. v. Amazon.com, Inc.*, 6 F.4th 1247, 1251 (11th Cir. 2021). "We review for abuse of discretion a district court's denial of a motion for reconsideration under Rule 59." *Gulisano v. Burlington, Inc.*, 34 F.4th 935, 941 (11th Cir. 2022).

## II.

Under Florida law, defamation has five elements: "(1) publication; (2) falsity; (3) the statement was made with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) the statement must be defamatory." *Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018).

"When applying state defamation law to public figures, the First Amendment imposes additional limitations":  (1) "[T]he alleged defamatory statement must be sufficiently factual to be susceptible of being proved true or false"; (2) "the statement must be

APPENDIX

actually false"; and (3) the plaintiff "must prove that the defendant made the alleged defamatory statement with actual malice." *Coral Ridge*, 6 F.4th at 1252 (footnote, citations, and internal quotation marks omitted).

The district court dismissed Trump's defamation claim because the statements of which he complained were "opinion, not factually false statements, and therefore [we]re not actionable." *Trump v. Cable News Network, Inc.*, 684 F. Supp. 3d 1269, 1274 (S.D. Fla. 2023). Alternatively, the court ruled that Trump did not sufficiently plead that CNN acted with actual malice. *Id.* at 1275. We agree that Trump did not adequately plead falsity. Therefore, we affirm the dismissal of Trump's claim.

"A false statement of fact is the *sine qua non* for recovery in a defamation action." *Hallmark Builders, Inc. v. Gaylord Broad. Co.*, 733 F.2d 1461, 1464 (11th Cir. 1984) (quoting *Byrd v. Hustler Magazine, Inc.*, 433 So. 2d 593, 595 (Fla. 4th Dist. Ct. App. 1983)). Trump alleges that CNN published false statements of fact when it used the phrase "Big Lie" in relation to Trump, which he asserted was intended to associate him with Hitler and Nazi propaganda.

To be clear, CNN has never explicitly claimed that Trump's "actions and statements were designed to be, and actually were, variations of those [that] Hitler used to suppress and destroy populations." Reply Br. at 7. But, according to Trump, this assertion is implied in CNN's use of the phrase "Big Lie." Further, he argues, the phrase "*could* reasonably be interpreted . . . by facets of the CNN audience as accusations that [Trump] is doing exactly what

APPENDIX

the historical record shows [that] Hitler did in his monstrous, gen-
ocidal crimes against humanity." *Id.* at 8. And, the argument goes,
these accusations are false statements of fact because Trump did
not do exactly what Hitler did. Hitler engaged in a monstrous gen-
ocide; Trump "exercis[ed] a constitutional right to point out con-
cerns with the integrity of elections." *Id.*

Trump's argument is unpersuasive. First, although he con-
cedes that CNN's use of the term "Big Lie" is, to some extent, am-
biguous, he assumes that it is unambiguous enough to constitute a
statement of fact. This assumption is untenable. Although we ha-
ven't squarely addressed the point, case law from other circuits is
persuasive. In *Buckley v. Littell*, 539 F.2d 882 (2d Cir. 1976), *cert.
denied*, 429 U.S. 1062 (1977), the Second Circuit held that, by using
the terms "fascist," "fellow traveler," and "radical right" to describe
William F. Buckley, Jr., the defendant was not publishing "state-
ments of fact." *Buckley*, 539 F.2d at 893. Rather, the court ruled,
the terms were "so debatable, loose and varying[] that they [we]re
insusceptible to proof of truth or falsity." *Id.* at 894. Similarly, in
*Ollman v. Evans*, 750 F.2d 970 (D.C. Cir. 1984) (*en banc*), *cert. denied*,
471 U.S. 1127 (1985), the D.C. Circuit held that when the defendant
called the plaintiff "an outspoken proponent of political Marxism,"
his statement was "obviously unverifiable." *Ollman*, 750 F.2d at
987. Trump argues that the term "Big Lie" is less ambiguous than
the terms "fascist," "fellow traveler," "radical right," and "out-
spoken proponent of political Marxism." But he does not explain
this assertion. If "fascist"—a term that is, by definition, political—

APPENDIX

is ambiguous, then it follows that "Big Lie"—a term that is facially apolitical—is at least as ambiguous.

Second, Trump's argument hinges on the fact that his own interpretation of his conduct—*i.e.*, that he was exercising a constitutional right to identify his concerns with the integrity of elections—is true and that CNN's interpretation—*i.e.*, that Trump was peddling his "Big Lie"—is false. However, his conduct is susceptible to multiple subjective interpretations, including CNN's. As we held in *Turner*, one person's "subjective assessment" is not rendered false by another person's "different conclusion." 879 F.3d at 1264. In *Turner*, the defendants stated that, on at least one occasion, the plaintiff, James Turner, offensive line coach of the Miami Dolphins, participated in the "homophobic taunting" of one of his players. *Id.* Turner argued that this statement was false because his conduct was a "harmless 'joke,' as opposed to homophobic taunting." *Id.* We rejected his argument, concluding that the statement "[wa]s the [d]efendants' subjective assessment of Turner's conduct and [wa]s not readily capable of being proven true or false." *Id.* Just as the *Turner* defendants described Turner's conduct as "homophobic taunting," CNN described Trump's conduct as his "Big Lie." Just as Turner viewed his own conduct as a "harmless 'joke,'" Trump viewed his own conduct as the exercise of a constitutional right. As in *Turner*, so too here. CNN's subjective assessment of Trump's conduct is not readily capable of being proven true or false.

APPENDIX

Trump has not adequately alleged the falsity of CNN's statements. Therefore, he has failed to state a defamation claim.

Trump's other arguments are likewise meritless. He argues that the district court erred in limiting its analysis to the five defamatory statements that he listed in his complaint. According to Trump, the district court should have also analyzed the "more than sixty instances of defamation set forth in the Notice Letter to CNN" and the "nearly 7,700 instances in which CNN had defamed Plaintiff with the 'Big Lie' allegation." Brief of Appellant at 18. Trump has not alleged that any of these "instances of defamation" refer to something other than CNN's use of "Big Lie." We have held that, by using "Big Lie" to describe Trump, CNN was not publishing a false statement of fact. Therefore, whether CNN used "Big Lie" one time or many is irrelevant to the question of falsity.

Trump also contends that a jury should decide whether CNN's publications are defamatory. We disagree. "Whether the statement is one of fact or opinion and whether a statement of fact is susceptible to defamatory interpretation are questions of law for the court." *Turner*, 879 F.3d at 1262–63 (citing *Keller v. Miami Herald Pub. Co.*, 778 F.2d 711, 715 (11th Cir. 1985)).

### III.

After the district court dismissed his complaint with prejudice, Trump moved for reconsideration and, alternatively, for leave to amend his complaint. The district court denied these motions. Trump argues that the district court abused its discretion. We disagree..

APPENDIX

Trump argues that, when the district court denied his motion for leave to amend, it applied a standard that was too strict. Essential to his argument is his claim that the district court did not issue a judgment when it dismissed his complaint with prejudice. "In these circumstances," Trump argues, "leave to amend should have been 'granted liberally.'" Brief of Appellant at 41 (quoting *Czeremcha v. International Ass'n of Machinists and Aerospace Workers, AFL-CIO*, 724 F.2d 1552, 1556 & n. 6 (11th Cir. 1984)). But Trump overlooks that, in its order, the district court indicated that "dismissal of the complaint constituted dismissal of the action." *Id.* After dismissing Trump's complaint with prejudice, the court stated that "[t]he Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions." *Trump*, 684 F. Supp. 3d at 1277. Therefore, the district court did not abuse its discretion in denying Trump's motion for leave to amend.

Nor did the district court abuse its discretion in denying Trump's motion for reconsideration under Rule 59. Trump asserts that the district court (1) "fail[ed] to consider the entirety of the circumstances surrounding CNN's publication of the challenged statements" and (2) "appeared to reframe its understanding of [the clear error] standard in a manner unrelated to the case." Brief of Appellant at 51–52, 55). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (alteration in original) (quoting *In re Kellogg,* 197 F.3d 1116, 1119 (11th Cir. 1999)). Neither of Trump's points involve newly discovered evidence or manifest errors of law or fact, and the record confirms that

APPENDIX

8                    Opinion of the Court                    23-14044

the district court cited and applied the correct standard.  We find
no abuse of discretion.

### IV.

For all of the above reasons, we **AFFIRM** the district court's
dismissal of Trump's complaint.

APPENDIX